9 F.(2d)—5

## TIETSORT et al. v. IRWIN et al.

(Circuit Court of Appeals, Sixth Circuit. December 18, 1925.)

No. 4217.

**1. Corporations ⏀308(3)—Resolution voting salary to president cannot be construed as governing compensation payable in later period for totally different services.**

Resolution of board of directors of corporation A, voting salary of $6,000 a year, until further action, for president and adviser to general manager, who was also general manager and president of corporation B, cannot be construed, even in absence of further resolution of board of directors, to govern compensation payable to him for services as general manager of corporation A, after it had greatly increased its capital and business by merging with corporation B.

**2. Corporations ⏀308(1)—President of corporation may claim reasonable compensation for services, in absence of resolution of board of directors.**

While salary taken by president of corporation without prior resolution of board of directors cannot be retained, it does not bar him from claiming reasonable compensation for services rendered by him, with knowledge and approval of board of directors, as general manager, and such claim may be asserted in counterclaim.

Appeal from the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge.

Bill by Ralph P. Tietsort and others against Robert W. Irwin and others. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

Charles E. Ward, of Grand Rapids, Mich. (Ward & Strawhecker, of Grand Rapids, Mich., on the brief), for appellants.

Willard F. Keeney and Philip H. Travis, both of Grand Rapids, Mich. (David A. Warner, of Grand Rapids, Mich., on the brief), for appellees.

Before DONAHUE, MACK, and MOORMAN, Circuit Judges.

PER CURIAM. As the trial judge said in his oral opinion, there is little, if any, disagreement as to the law.

[1] Clearly a resolution of the board of directors of corporation A, voting a salary of $6,000 a year, to continue until further action, for one who at the time was president and adviser to the general manager of corporation A, but who was also general manager and president of corporation B, cannot be construed, even in the absence of a further resolution of the board of directors, to govern the compensation payable to him for his

totally different services as general manager of corporation A at a later period, and after corporation A had greatly increased its capital and business by merging with it corporation B.

[2] While a salary taken by the president of a corporation without prior resolution of the board of directors cannot be retained, it does not, bar him from claiming reasonable compensation for services rendered by him with the knowledge and approval of the board of directors as general manager of that corporation. Such a claim for compensation may be asserted by counterclaim; the answer in this case clearly sets forth such a counterclaim. Therefore, without passing upon the question as to whether the amount retained was or was not expressly authorized and assented to by all the members of the board of directors, including the principal plaintiff herein, it is clear that the evidence abundantly sustains the counterclaim.

The decree, dismissing the bill for want of equity, is therefore affirmed.